UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EFREN DELA CRUZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 19-CV-00283-LHK<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. Nos. 9, 17 |

Plaintiffs Efren Dela Cruz and Evelyn Dela Cruz, proceeding *pro se*, bring suit against 7 Defendants in connection with a loan secured by a deed of trust on a property located at 3217 Poltonhall Court, San Jose, California ("Property"). Before the Court are 2 motions to dismiss. One motion to dismiss was filed by Defendants JPMorgan Chase Bank, N.A. ("Chase"), California Reconveyance Company, and Jamie Dimon d/b/a Chase Services. ECF No. 9 ("Chase Mot."). All three will be referred to collectively as "Chase Defendants." Also, the Court notes that Chase Defendants clarify that Plaintiffs incorrectly sued James Dimon. Chase Mot. at 3 n.1. Mr. Dimon's first name is Jamie. *Id.*

The other motion to dismiss was filed by Defendant Select Portfolio Servicing, Inc. and non-party U.S. Bank, N.A., successor trustee to Defendant Bank of America, N.A. ECF No. 17

1

Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

("SPS Mot."). These defendants will be referred to collectively as "SPS Defendants."

Plaintiffs have not sued U.S. Bank, N.A. However, U.S. Bank, N.A. is successor trustee to Bank of America, N.A., which is named as a Defendant but has not entered an appearance in the instant case. According to the SPS Defendants' motion to dismiss, the SPS Defendants are "Defendants Select Portfolio Servicing, Inc. ('SPS') and U.S. Bank, NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-0A6 (the 'Trust')." ECF No. 17 at 3 n.1.

Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Chase Defendants' motion to dismiss and SPS Defendants' motion to dismiss with prejudice.

## I. BACKGROUND

### A. Requests for Judicial Notice

Plaintiffs' *pro se* complaint, ECF No. 1-1 ("Compl."), is difficult to decipher, and the Court struggles to understand the factual background of the instant case based on Plaintiffs' complaint. However, Plaintiffs' complaint mentions various documents associated with the instant case, such as the deed of trust, notice of trustee's sale, and trustee's deed upon sale. Compl. at 9-10.[1] "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Marsikian v. Mercedes Benz USA, LLC*, 2009 WL 8379784, at *3 (C.D. Cal. May 4, 2009) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). In addition, "documents . . . not physically attached to the complaint . . . may be considered if their 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Id.* In

---

[1] For clarity, the Court refers to the internal pagination of the complaint as opposed to the paragraph numbers of Plaintiffs' allegations because the complaint does not feature sequentially-numbered paragraph numbers and uses the same paragraph numbers for different paragraphs.

2

Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

addition, "a court may take judicial notice of 'matters of public record.'" *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other groups by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)).

Chase Defendants request judicial notice of documents such as deeds and notices regarding the Property that were recorded in the Santa Clara County Recorder's Office, court filings, and court opinions associated with Plaintiffs' dispute over the Property. ECF No. 9-1. Plaintiffs do not question the authenticity of any of these documents. Moreover, Plaintiffs' complaint necessarily relies on some of these documents. Thus, Chase Defendants' request for judicial notice is GRANTED.

Similarly, SPS Defendants request judicial notice of deeds and assignment of deeds recorded in the Santa Clara County Recorder's Office as well as court filings and opinions. ECF No. 17-1. Plaintiffs do not question the authenticity of any of these documents. Also, Plaintiffs' complaint necessarily relies on some of these documents. Moreover, court filings and opinions are matters of public record. Thus, SPS Defendants' request for judicial notice is GRANTED.

**B. Factual History**

On May 14, 2007, Washington Mutual Bank, FA loaned Plaintiffs $572,000. ECF No. 9-2 at 1-2. The loan was secured by a deed of trust on the Property, which is located at 3217 Poltonhall Court, San Jose, California. *Id.* at 3. The deed of trust identified Plaintiffs as the borrowers, Washington Mutual Bank, FA as the lender, and California Reconveyance Company as trustee. *Id.* at 1-2. In September 2008, JP Morgan Chase purchased Washington Mutual Bank, FA's assets. *See generally* ECF No. 9-3. Thus, Chase became the successor in interest on Plaintiffs' loan.

On April 1, 2009, Chase assigned all beneficial interest under the deed of trust to Bank of America, N.A. ECF No. 9-4 at 1. Again, on October 15, 2019, Chase assigned all beneficial interest under the deed of trust to Bank of America, N.A. ECF No. 9-5 at 1.

At an unspecified point in time, Plaintiffs defaulted. On May 19, 2010, trustee California

3
Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

1 Reconveyance Company issued a notice of default and election to sell under deed of trust. ECF No. 9-6 at 1-2. The notice of default and election to sell under deed of trust was recorded with the Santa Clara County Recorder on May 21, 2010. *Id.* at 1. On February 15, 2013, trustee California Reconveyance Company issued a notice of trustee's sale of the Property. ECF No. 9-7 at 1-2. The notice of trustee's sale was recorded with the Santa Clara County Recorder on February 19, 2013. *Id.* at 1. On November 12, 2018, U.S. Bank N.A., successor trustee to Bank of America N.A., executed a substitution of trustee document which named Quality Loan Service Corporation as successor trustee to California Reconveyance Company. ECF No. 9-8.

### C. Procedural History

The Court first discusses the procedural history of the instant case, and then discusses the history of other related lawsuits that were filed.

#### 1. The Instant Case

On October 15, 2018, Plaintiffs brought suit in the Superior Court for Santa Clara County. Compl. at Summons. On January 16, 2019, Defendants removed Plaintiffs' action to the Northern District of California. ECF No. 1. On January 23, 2019, Chase Defendants filed a motion to dismiss. ECF No. 9 ("Chase Mot."). On February 8, 2019, SPS Defendants filed a motion to dismiss. ECF No. 17 ("SPS Mot."). On February 15, 2019, Plaintiffs untimely filed identical oppositions to both the Chase Defendants' motion to dismiss and the SPS Defendants' motion to dismiss. ECF Nos. 21, 22 ("Opp."). On February 20, 2019, Chase Defendants filed a reply. ECF No. 25 ("Chase Reply"). On March 1, 2019, SPS Defendants filed a reply. ECF No. 26 ("SPS Reply").

#### 2. Related Lawsuits

Plaintiffs have filed 3 other lawsuits related to the deed of trust, the Property, Plaintiffs' default, and foreclosure proceedings.

First, on August 27, 2010, Plaintiffs filed a 20-count complaint in the California Superior Court for Santa Clara County against, *inter alia*, Chase and California Reconveyance Company. ECF No. 9-9 ("Dela Cruz I") at cover page. On October 12, 2010, Dela Cruz I was removed to the

4

1 Northern District of California. Case No. 10-CV-04591-JW, ECF No. 1. On February 2, 2011, the

2 Dela Cruz I court granted a motion to dismiss. *Id.*, ECF No. 22. The Dela Cruz I court dismissed

3 all of Plaintiffs' federal causes of action—the Truth in Lending Act, the Real Estate Settlement

4 Procedures Act, and the Truth in Lending Act rescission—with prejudice, declined to exercise

5 supplemental jurisdiction over the remaining state law claims, and remanded the case back to the

6 Superior Court of Santa Clara County. *Id.*, ECF No. 22 at 10-11.

7 Once remanded, the Superior Court in Dela Cruz I dismissed Plaintiffs' action in its

8 entirety *with prejudice* for Plaintiffs' failure to file an amended complaint. Case No. 13-CV-

9 04136-RMW, ECF No. 5-7 at 2. However, in another document, the Superior Court in Dela Cruz I

10 also stated that the case was dismissed *without prejudice*. *Id.*, ECF No. 5-8. Thus, it is unclear

11 whether Dela Cruz I was dismissed with or without prejudice.

12 Second, on February 14, 2012, Plaintiffs filed yet another complaint in the California

13 Superior Court for Santa Clara County against, *inter alia*, Chase and California Reconveyance

14 Company. ECF No. 9-11 ("Dela Cruz II") at cover page. Plaintiffs alleged 24 causes of action. *Id.*

15 at pp. 1-2. This complaint similarly alleged state and federal causes of action relating to the

16 $572,000 loan, the deed of trust, and the Property. *Id.* at ¶ 14. Defendants demurred on the basis of

17 res judicata. Case No. 13-CV-04136-RMW, ECF No. 5-11. The Superior Court sustained the

18 demurrer with prejudice because "Plaintiffs' opposition fails to address the *res judicata* argument

19 and/or provide any guidance as to how Plaintiffs intend to amend their pleading to state a valid

20 claim." *Id.*, ECF No. 5-12 at 2.

21 Third, on August 2, 2013, Plaintiffs filed a third complaint in the California Superior Court

22 for Santa Clara County against, *inter alia*, California Reconveyance Company and Chase. ECF

23 No. 9-15 ("Dela Cruz III") at cover page. Much like Plaintiffs' prior two complaints, Plaintiffs

24 alleged state and federal causes of action stemming from the $572,000 loan, the deed of trust, and

25 the Property. *Id.* at ¶¶ 18, 65. On September 6, 2013, Defendants removed the complaint to the

26 Northern District of California. Case No. 13-CV-04136-RMW, ECF No. 1. On December 2, 2013,

27 the Dela Cruz III court granted Chase and California Reconveyance Company's motion to dismiss

28

1 with prejudice on the basis of *res judicata*. *Id.*, ECF No. 14 at 6. The Dela Cruz III court entered final judgment in favor of the defendants in Dela Cruz III on January 27, 2014. ECF No. 9-17.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether

6

Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

In the instant case, Plaintiffs bring 5 causes of action: (1) temporary restraining order, preliminary and permanent injunctive relief; (2) declaratory relief; (3) an accounting; (4) cancellation of instructions; and (5) quiet title. Compl. at cover page. The Court first addresses Chase Defendants' argument that *res judicata* bars Plaintiffs from bringing the instant claims against Chase Defendants. Second, the Court addresses Jamie Dimon d/b/a Chase Services. Finally, the Court addresses each of Plaintiffs' 5 causes of action in turn.

### A. Whether *Res Judicata* Bars Plaintiffs' Suit against Chase Defendants

JPMorgan Chase Bank, N.A. ("Chase"), California Reconveyance Company, and Jamie Dimon d/b/a Chase Services constitute the "Chase Defendants." Chase Defendants argue that Plaintiffs' claims against Chase Defendants are barred by *res judicata* as a result of litigating Dela Cruz I, II, and III. Chase Mot. at 10-11. Plaintiffs offer no substantive response to Chase Defendants' *res judicata* argument. The Court finds that *res judicata* bars Plaintiffs from bringing suit against Chase and California Reconveyance Company, but not Jamie Dimon d/b/a Chase Services.

"The doctrine of res judicata is applicable whenever there is (1) an identity of claims, (2) a

7

Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The Court addresses each factor in turn.

### 1. Identity of Claims

First, the "central criterion in determining whether there is an identity of claims . . . is whether the . . . suits arise out of the same transactional nucleus of facts." *Id.* (internal quotation marks omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). Here, there is no doubt that the instant litigation arises out of the "same transactional nucleus of facts" as in Dela Cruz I, II, and III. The claims all stem from the same common nucleus of facts relating to the loan repayment and agreement into which the Dela Cruzes entered in May 2007 and the related deed of trust regarding the Property. For instance, in the complaint in Dela Cruz III, Plaintiffs alleged that they took out a $572,000 loan secured by the Property, for which there was a deed of trust. ECF No 9-15 at ¶ 18. Plaintiffs also claimed that the Dela Cruz III defendants did not inform Plaintiffs of the risks of such loans, which were "the primary catalyst for what is now this country's worst economic crisis since the Great Depression." *Id.* at ¶ 63-64. Thus, because the Dela Cruz III defendants "intentionally concealed the negative implications of the loan they were offering, . . . Plaintiffs face the potential of losing their home." *Id.* at 64. Indeed, in Dela Cruz III, Plaintiffs sought relief to "suspend or rescind any trustee sale or resulting subsequent sale or transfer" of the Property. *Id.* at ¶ 6. Similarly, in the instant complaint, Plaintiffs acknowledge that they are trustors of a deed of trust on the Property executed as part of the loan. Compl. at 9. Much of Plaintiffs' allegations center around concern that Defendants are unlawfully taking action to foreclose upon, sell, list, or attempt to sell the Property. *Id.* at 5. Plaintiffs likewise allege that Defendants "breached their fiduciary duty and committed financial misconduct and fraud." *Id.* at 8.

There is no doubt that Plaintiffs could have brought the instant 5 claims in any one of the

8

Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

previous 3 Dela Cruz actions. In fact, in Dela Cruz III, Plaintiffs brought quiet title and declaratory relief claims. ECF No. 9-15 at cover page. Plaintiffs could have brought the remainder of the instant claims—for a temporary restraining order and injunctive relief, an accounting, and cancellation of instruments—in Dela Cruz III (or even Dela Cruz I or II) because these claims all originate from the deed of trust and various other documents executed as part of Plaintiffs' $572,000 loan. Once Plaintiffs were in default, which must have taken place before Dela Cruz I was filed, Plaintiffs could have sought judicial intervention at that point to attempt to prevent the trustee sale of the Property. Therefore, the Court finds that there is an identity of claims between the instant action and Dela Cruz III.

### 2. Final Judgment on the Merits

Second, "[t]he test is not whether or not the claim was litigated, but whether or not there was a final judgment on the merits." *Durney v. WaveCreste Labs., LLC*, 441 F. Supp. 2d 1055, 1059 (citing *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). The "phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). In Dela Cruz III, there was unquestionably a final judgment on the merits. Specifically, the district court held that "[a]ll of Dela Cruz's claims against JP Morgan and the California Reconveyance Company are dismissed with prejudice." Case No. 13-CV-04136-RMW, ECF No. 14 at 6. Therefore, the Court finds that there was a final judgment on the merits in a prior action.

### 3. Identity or Privity Between the Parties

In Dela Cruz III, Plaintiffs sued, *inter alia*, Chase and the California Reconveyance Company. *Id.* Therefore, there is no question that there is identity between the parties in the instant case and Dela Cruz III as to Chase and the California Reconveyance Company.

However, in the instant case, Plaintiffs also sue Jamie Dimon d/b/a Chase Services. It is unclear from the complaint what, if anything, Mr. Dimon or "Chase Services" has to do with the instant action, especially as there are no allegations in the instant case that mention Mr. Dimon. Nevertheless, Plaintiffs did not sue Jamie Dimon d/b/a Chase Services in Dela Cruz I, II, or III.

9

Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

Moreover, neither Plaintiffs nor Chase Defendants argue that Mr. Dimon was in privity with any of the defendants in Dela Cruz I, II, or III. Therefore, there is no identity or privity between Jamie Dimon d/b/a Chase Services and the defendants sued in Dela Cruz I, II, or III.

### 4. Summary

The Court has found that as to Chase and California Reconveyance Company, there is an identity of claims, a final judgment on the merits, and identity between the parties litigated in the instant case and Dela Cruz III. Therefore, the Court GRANTS Chase Defendants' motion to dismiss Chase and California Reconveyance Company due to *res judicata*. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Plaintiffs' claims against Chase and California Reconveyance Company are barred by *res judicata*, so no amount of amendment will be able to cure this flaw. Moreover, it would be unduly prejudicial to Defendants to repeatedly litigate claims that necessarily fail as a matter of law due to *res judicata*.

However, the Court has found that there is no identity or privity between Jamie Dimon d/b/a Chase Services and the defendants in Dela Cruz I, II, or III. Thus, the Court DENIES Chase Defendants' motion to dismiss Jamie Dimon d/b/a Chase Services on *res judicata* grounds.

### B. Plaintiff's Claims Against Jamie Dimon d/b/a Chase Services

As the Court has already dismissed Plaintiffs' claims against Chase and California Reconveyance Company with prejudice, the sole remaining Chase Defendant is Jamie Dimon d/b/a Chase Services. Documents the Court has judicially noticed show Chase Defendants assigned away any beneficial interest in the Property. Specifically, on October 15, 2009, Chase assigned to Bank of America, NA "all beneficial interest under that certain Deed of Trust dated 05/14/2007 executed by Efren Dela Cruz and Evelyn E. Dela Cruz . . . as Trustor(s)." ECF No. 9-5. In addition, on October 12, 2018, California Reconveyance Company was succeeded by Quality Loan Service Corporation as "Successor Trustee under said Deed of Trust." ECF No. 9-8. Moreover, Plaintiffs' complaint makes no substantive allegations against Jamie Dimon d/b/a Chase Services. There is no indication that Jamie Dimon d/b/a Chase Services has any interest or

1 role in the Property or the foreclosure.

In *Schoenbart v. U.S. Bank N.A.*, the court entered judgment in favor of Chase after Chase had shown that it assigned a deed of trust to another party, thus eliminating Chase's interest in a property being foreclosed upon. 2016 U.S. Dist. LEXIS 92353, at *2-4 (N.D. Cal. July 15, 2016). Chase also demonstrated that a new servicer was conducting the foreclosure, so Chase also lacked any role in the foreclosure. *Id.* at *7. As such, the *Schoenbart* court dismissed Chase from the case and granted judgment in Chase's favor. *Id.* at *7-9. Similarly, in *Lou v. JPMorgan Chase Bank, N.A.*, the court found "no basis for keeping Chase in this action," partly because the plaintiff failed to allege Chase's involvement in a foreclosure and partly because Chase had already assigned "all beneficial interest" in the deed of trust to another party and substituted another company as the foreclosure trustee. 2018 WL 1070598, at *1, *3 (N.D. Cal. Feb. 26, 2018).

Here, there are no allegations that Chase or any Chase entity, such as Jamie Dimon d/b/a Chase Services, has any remaining interest in the Property or is involved in the foreclosure. Chase had already assigned away its interest in the Property to Bank of America, NA, and California Reconveyance Company was succeeded by Quality Loan Service Corporation as successor trustee. Therefore, the Court GRANTS Chase Defendants' motion to dismiss Jamie Dimon d/b/a Chase Services. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. It is clear from the judicially-noticed documentation that no Chase entity plays any role in the deed of trust or the nonjudicial foreclosure on the Property, rendering continued amendment of the complaint futile. Moreover, it would be unduly prejudicial to require Defendants to continually litigate claims which fail as a matter of law.

### C. Second Cause of Action—Claim for Declaratory Relief

Although the Court has dismissed Plaintiffs' claims against the Chase Defendants with prejudice, the Court nonetheless addresses the arguments of the Chase Defendants and the SPS Defendants against Plaintiffs' five causes of action in turn.

Plaintiffs' second cause of action is a claim for declaratory relief. Compl. at 5. Though

11

Plaintiffs' complaint is difficult to parse, Plaintiffs appear to be seeking declaratory relief concerning: (1) whether Plaintiffs' loan and default were accurately reported; (2) whether Plaintiffs owe the "specific amount [of] money claimed by Defendants"; (3) whether "the written agreement is valid"; and whether Plaintiffs owe money to Defendants. *Id.* at 7-8.

Chase Defendants and SPS Defendants assert that declaratory relief operates prospectively and is not intended to redress past wrongs. Chase Mot. at 14-15; SPS Mot. at 6. Plaintiffs' opposition has no substantive response to Chase Defendants and SPS Defendants' arguments. The Court finds Chase Defendants and SPS Defendants' arguments persuasive.

As an initial matter, the Court resolves whether the federal Declaratory Judgment Act, 28 U.S.C. § 2201, or California's Declaratory Relief Act, Cal. Code Civ. Pro. § 1060, applies here. Then, the Court discusses Chase Defendants' argument that there is no independent cause of action for declaratory relief, and then the argument that declaratory relief operates prospectively.

### 1. Whether Federal Law or California Law Applies

As a threshold matter, the Court must determine whether the federal Declaratory Judgment Act, 28 U.S.C. § 2201, or California's Declaratory Relief Act, Cal. Code Civ. Pro. § 1060, applies here. This determination relies, in part, on whether this Court sits in diversity or has federal question jurisdiction. Defendants claimed to have removed this case on both diversity and federal question grounds. ECF No. 1 at ¶¶ 7, 19. However, Defendants' explanation for why this Court has federal question jurisdiction, *id.* at ¶ 19, relies on a single cursory reference to the federal Truth in Lending Act, 12 C.F.R. § 226, found in one line of Plaintiffs' complaint, Compl. at 6. Plaintiffs do not actually assert a Truth in Lending Act cause of action. Therefore, the Court finds that the basis for its subject matter jurisdiction lies in diversity.

Although district courts in the Ninth Circuit have at times applied the California Declaratory Relief Act when sitting in diversity, see *Valley Forge Ins. Co. v. APL Co. Pte. Ltd.*, 2010 WL 960341, at *4 n.5 (C.D. Cal. Mar. 16, 2010) (citing cases), other district courts apply the federal Act, *see, e.g.*, *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 779 (N.D. Cal. 1993) ("The propriety of granting declaratory relief in federal court is a procedural matter . . . .

12

Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

1 Therefore, the Declaratory Judgment Act is implicated even in diversity cases . . . ." (citations omitted)); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014) (applying the federal Declaratory Judgment Act in a diversity action). For its part, the Ninth Circuit has indicated, although not explicitly held, that the federal Declaratory Judgment Act should apply. In *Golden Eagle Insurance Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir. 1996), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (1998) (en banc), the Ninth Circuit stated that although "[t]he complaint [plaintiff] filed in state court was for declaratory relief under California's declaratory relief statute," "[w]hen [defendant] removed the case to federal court, based on diversity of citizenship, the claim remained one for declaratory relief, but the question whether to exercise federal jurisdiction to resolve the controversy became a procedural question of federal law." Finally, the United States Supreme Court has emphasized the procedural nature of the federal Declaratory Judgment Act, which further supports the conclusion that the federal Act applies. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("'[T]he operation of the Declaratory Judgment Act is procedural only.'" (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937))). The Court will therefore consider Plaintiffs' declaratory relief cause of action under the federal Declaratory Judgment Act.

### 2. Whether Declaratory Relief Only Operates Prospectively

"[N]umerous federal district courts have found that the [Declaratory Judgment Act] operates prospectively, not to redress past wrongs." *Judan v. Wells Fargo Bank, Nat'l Assoc.*, 2017 WL 3115172, at *11 (N.D. Cal. July 21, 2017) (listing cases). "The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred." *Ruiz v. Mortg. Elec. Registration Sys., Inc.*, 2009 WL 2390842, at *5 (E.D. Cal. Aug. 3, 2009). As aforementioned, Plaintiffs appear to be seeking declaratory relief concerning: (1) whether Plaintiffs' loan and default were accurately reported; (2) whether Plaintiffs owe the "specific amount [of] money claimed by Defendants"; (3) whether "the written agreement is valid"; and (4) whether Plaintiffs owe money to Defendants. Compl. at 7-8. However, none of the issues for which Plaintiffs seek declaratory relief address future harms.

13

1    First, the question of whether Plaintiffs' loan and default were accurately reported seeks to
2    redress past wrongs because whether the loan and default were reported necessarily concerns the
3    past behavior of reporting the loan and the default. Second, the question of whether Plaintiffs owe
4    the amount that Defendants claim also concerns past behavior, as the question touches upon the
5    loan documents and Defendants' history of repaying the loan. Third, the question of whether "the
6    written agreement is valid" is presumably an attack on the loan documents, as Plaintiffs fail to
7    specify what is meant by "the written agreement." Compl. at 8. Nonetheless, the question of
8    whether the loan documents are valid implicates past conduct because it requires analysis of
9    instruments that have already been executed. Additionally, the "object of the [Declaratory
10   Judgment Act] statute is to afford a new form of relief where needed and not to furnish a litigant
11   with a second cause of action for the determination of identical issues." *Lai v. Quality Loan
12   Service Corp.*, 2010 WL 3419179, at *3 (C.D. Cal. Aug. 26, 2010). Plaintiffs already challenge
13   the validity of the loan documents through Plaintiffs' cancellation of instruments cause of action.
14   Therefore, Plaintiffs' attack on whether "the written agreement" is valid is already subsumed by
15   another cause of action and need not be something the Court must address again as part of
16   declaratory relief. Fourth, the question of whether Plaintiffs owe money to Defendants concern the
17   already-executed loan documents and Plaintiffs' history of repaying the loan. Therefore, none of
18   the four issues on which Plaintiffs sought declaratory relief concern any prospective relief. Rather,
19   these four issues all concern harms that have already occurred, which runs counter to the purpose
20   of declaratory relief.

### 3. Summary

22   In sum, the Court determined that none of the four issues on which Plaintiffs sought
23   declaratory relief concern prospective relief. "[N]umerous federal district courts have found that
24   the [Declaratory Judgment Act] operates prospectively, not to redress past wrongs." *Judan*, 2017
25   WL 3115172, at *11. Thus, the Court GRANTS Chase Defendants and SPS Defendants' motions
26   to dismiss Plaintiffs' claim for declaratory relief, which is Plaintiffs' second cause of action. The
27   Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants.

14
Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

*Leadsinger, Inc.*, 512 F.3d at 532. Further amendment would be futile because the issues on which Plaintiffs sought declaratory relief do not concern prospective relief. Moreover, it would be unduly prejudicial to Defendants to require Defendants to continue to litigate a claim that fails as a matter of law.

### D. Third Cause of Action—Accounting

Plaintiffs' third cause of action is for an accounting. Chase Defendants and SPS Defendants both argue that Plaintiffs have failed to allege the elements of an accounting cause of action. Plaintiffs have no substantive response to Chase Defendants and SPS Defendants' argument. The Court finds Chase Defendants and SPS Defendants' argument persuasive.

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that *some balance is due the plaintiff* that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (emphasis added). Thus, an accounting cause of action requires that the *plaintiff* is due some balance of money.

Here, Plaintiffs fail to allege an accounting cause of action because there are no allegations that Plaintiffs are due any amount of money from Defendants. Rather, Plaintiffs admit that they actually owe various Defendants money. For instance, Plaintiffs allege that the "amount of money that Plaintiffs owe on the mortgage are [sic] unknown to plaintiffs and cannot be determined without an accounting. Wherefore, Plaintiffs pray for a determination of the amount owed and/or past due on the mortgage." Compl. at 9. Thus, Plaintiffs have not stated an accounting cause of action.

Plaintiffs also allege under their accounting cause of action that Defendants "breached their fiduciary duty" to Plaintiffs because some Defendants allegedly refused to comply with Plaintiffs' demands to provide an accounting. *Id.* at 8. However, California law is clear that "[n]o fiduciary duty exists between a borrower and lender in an arm's length transaction." *Rufini v. CitiMortgage, Inc.*, 227 Cal. App. 4th 299, 312 (2014). An argument for the existence of a fiduciary duty between a borrower and a lender "fails as a matter of law" because the "relationship between a

lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991). Rather, "when the [lending] institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," the lending institution owes no fiduciary duty to the borrower. *Rufini*, 227 Cal. App. 4th at 312. Here, Plaintiffs fail to allege that any Defendant's activities strayed beyond the Defendant's role as a lender of money. Thus, Plaintiffs' allegation of a breach of fiduciary duty fails.

In sum, because Plaintiffs have failed to show that Plaintiffs are due a sum of money from Defendants, Plaintiffs' accounting cause of action fails. Thus, the Court GRANTS Chase Defendants and SPS Defendants' motions to dismiss Plaintiffs' claim for an accounting, which is Plaintiffs' third cause of action. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Further amendment would be futile because to successfully plead an accounting cause of action requires that Defendants owe Plaintiffs money, whereas here, it is Plaintiffs who owe Defendants money. Moreover, it would be unduly prejudicial to Defendants to require Defendants to continue to litigate a claim that fails as a matter of law.

Moreover, to the extent Plaintiffs are attempting to state a claim for breach of fiduciary duty, the Court GRANTS Chase Defendants and SPS Defendants' motions to dismiss the breach of fiduciary duty claim. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Further amendment would be futile because Plaintiffs' allegations that Defendants breached Defendants' fiduciary duty by refusing to comply with Plaintiffs' demands to provide an accounting fails as a matter of law because no fiduciary duty exists between a borrower and a lender. Moreover, it would be unduly prejudicial to Defendants to require Defendants to continue to litigate a claim that fails as a matter of law.

### E. Fourth Cause of Action—Cancellation of Instruments

Plaintiffs appear to seek cancellation of various documents relating to the deed of trust and various Defendants' attempts to foreclose on the Property. Specifically, Plaintiffs appear to seek

16
Case No. 19-CV-00283-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE

cancellation of the 2007 deed of trust, ECF No. 9-2; 2013 notice of trustee's sale, ECF No. 9-7; and 2009 assignments of the deed of trust, ECF Nos. 9-4, 9-5. Compl. at 9-10. Chase Defendants and SPS Defendants assert that Plaintiffs' efforts to cancel the deed of trust, notice of trustee's sale, and assignments of the deed of trust are time barred. Chase Defendants and SPS Defendants are correct.

"Actions for cancellation of an instrument are subject to the four-year limitations period in the catchall provision of [Cal. Code. Civ. Pro.] section 343." *Salazar v. Thomas*, 236 Cal. App. 4th 467, 477 n.8 (2015) (citing *Moss v. Moss*, 20 Cal.2d 640, 644-45 (1942)).

The most recent instrument Plaintiffs seek to cancel is the 2013 notice of trustee's sale. However, due to the 4-year limitations period, Plaintiffs had until 2017 to seek to cancel the notice of trustee's sale. Plaintiffs did not file the instant case until October 15, 2018. Compl. at summons. Cancellation of the 2007 deed of trust and the 2009 assignments of the deed of trust is also clearly time barred. Thus, Plaintiffs are unable to state a claim for cancellation of any of the instruments Plaintiffs seek to cancel.

Therefore, the Court GRANTS Chase Defendants and SPS Defendants' motion to dismiss Plaintiffs' claim for cancellation of instruments, which is Plaintiffs' fourth cause of action. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Further amendment would be futile because California's 4-year limitations period for actions for cancellation of an instrument bars Plaintiffs' attempt to cancel various instruments relevant to the instant case. Moreover, it would be unduly prejudicial to Defendants to require Defendants to continue to litigate a claim that fails as a matter of law.

### F. Fifth Cause of Action—Quiet Title

Plaintiffs bring as their fifth cause of action a claim for quiet title. Chase Defendants and SPS Defendants argue that Plaintiffs' quiet title claim fails as a matter of law. The Court agrees.

"A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title." *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "A basic requirement of an

17

action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Neal v. Select Portfolio Servicing, Inc.*, 2016 WL 48124, at *7 (N.D. Cal. Jan. 5, 2016) (quoting *Santos v. Countrywide Home Loans*, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009)). "'The cloud upon title persists until the debt is paid,' and the borrower 'cannot clear his title without satisfying his debt.'" *Id.* (quoting *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477-78 (1974)). Therefore, under California law, "a borrower may not assert an action to quiet title against a mortgagee without first paying the outstanding debt on the property." *Williams v. Bank of Am. Nat'l Assoc.*, 2015 WL 6602403, at *7 (N.D. Cal. Oct. 30, 2015) (citing *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994)).

Here, Plaintiffs admit that they still owe money on the mortgage. *See, e.g.*, Compl. at 9 ("The amount of money that Plaintiffs owe on the mortgage are [sic] unknown to plaintiffs . . . ."). Thus, pursuant to *Williams*, Plaintiffs cannot bring a quiet title action without first paying off the outstanding debt. Indeed, the *Kelley* court dismissed a quiet title cause of action because the plaintiffs failed to show that the plaintiffs actually satisfied their payment obligations under the deed of trust. 642 F. Supp. 2d at 1057. Moreover, the fact that Plaintiffs still owe money on the mortgage creates a cloud upon title that Plaintiffs cannot clear until the debt is paid, pursuant to *Neal*. Thus, Plaintiffs fail to state a quiet title cause of action.

Therefore, the Court GRANTS Chase Defendants and SPS Defendants' motion to dismiss Plaintiffs' quiet title claim, which is Plaintiffs' fifth cause of action. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Further amendment would be futile because Plaintiffs openly admit that they still owe money on the mortgage, and California law prevents a borrower from asserting a quiet title action against a mortgagee without the borrower first paying off the debt. Moreover, it would be unduly prejudicial to Defendants to require Defendants to continue to litigate a claim that fails as a matter of law.

**G. First Cause of Action—Temporary Restraining Order, Preliminary and Permanent Injunction**

1         The Court addresses Plaintiffs' first cause of action for a temporary restraining order and a preliminary and permanent injunction last because injunctive relief may be available if Plaintiffs are "entitled to such a remedy on an independent cause of action" *Lenhoff Enters, Inc. v. United Talent Agency, Inc.*, 2015 WL 7008185, at *7 (C.D. Cal. Sept. 18, 2015). However, the Court has dismissed all of Plaintiffs' other independent causes of action. Thus, the Court may dismiss the claim for injunctive relief because a "claim for injunctive relief is not an independent cause of action." *Id. See also Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."); *Bank of New York Mellon v. Spring Mountain Ranch Master Ass'n*, 2018 WL 3419251, at *3 (D. Nev. July 13, 2018) ("[T]he court follows the well-settled rule that a claim for 'injunctive relief' standing alone is not a cause of action."); *Cruickshank v. Wells Fargo Bank, N.A.*, 2011 WL 2066670, at *3 (S.D. Cal. May 24, 2011) (dismissing an injunctive relief claim because there is no authority "supporting . . . injunctive relief as [an] independent cause[] of action"); *Weston v. Indymac Mortg. Servs.*, 2010 WL 11549748, at *4 (C.D. Cal. Sept. 22, 2010) (dismissing a claim for injunctive belief because injunctive relief "is not a cause of action, but a remedy"). In sum, Plaintiffs' cause of action for a temporary restraining order and a preliminary and permanent injunction fails because there is no independent cause of action for injunctive relief.

        In addition, Plaintiffs attempt to make the argument that a sale of the Property would violate the bankruptcy automatic stay. Compl. at 4. However, Plaintiffs' bankruptcy proceedings have already ended as of October 25, 2018, when the Bankruptcy Court entered an order dismissing the bankruptcy case. ECF No. 17-1, Ex. H.

        Therefore, the Court GRANTS Chase Defendants and SPS Defendants' motion to dismiss Plaintiffs' injunctive relief claim, which is Plaintiffs' first cause of action. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendants. *Leadsinger, Inc.*, 512 F.3d at 532. Further amendment would be futile because a claim for injunctive relief is not an independent cause of action. Moreover, it would be unduly prejudicial to Defendants to require Defendants to continue to litigate a claim that fails as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses with prejudice all claims against JPMorgan Chase Bank, N.A., California Reconveyance Company, Jamie Dimon d/b/a Chase Services, Select Portfolio Servicing, Inc., and U.S. Bank, N.A.

Moreover, a "trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" even if the claim is brought against a non-moving defendant. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.*; *see also Contreras v. Wells Fargo Bank, N.A.*, 2017 WL 8800979, at *1 (C.D. Cal. Nov. 28, 2017) (dismissing claims against non-moving defendants without leave to amend); *United States ex rel. Winter v. Gardens Regional Hosp. & Med. Center*, 2017 WL 8793222, at *9 (C.D. Cal. Dec. 29, 2017) (same); *Internal Revenue Serv. v. Anderson*, 2017 WL 6048902, at *1 (C.D. Cal. Mar. 14, 2017) (same); *Elder-Evins v. Casey*, 2010 WL 3619808, at *8 (N.D. Cal. Sept. 9, 2010) (same). Here, because the Court has dismissed all of Plaintiffs' causes of action without leave to amend because Plaintiffs' claims fail as a matter of law, Plaintiffs cannot possibly win relief against Chase and SPS Defendants, let alone the non-moving Defendants. Thus, the Court DISMISSES with prejudice all of Plaintiffs' causes of action against non-moving Defendants.

**IT IS SO ORDERED.**

Dated: May 30, 2019

_____
LUCY H. KOH
United States District Judge